UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 8:14-Cr-64-T-17TGW

YOEL EMILIO BAEZ-HERNANDEZ

_____/

## ORDER

This matter comes before the Court pursuant to Defendant's, Yoel Emilio Baez-Hernandez, Post Conviction Judgment of Acquittal and Motion for New Trial, (Doc. # 256), filed July 22, 2014, and the Government's Response in Opposition, (Doc. # 273), filed August 5, 2014. For the reasons that follow, the Defendant's Motion is **DENIED**.

## BACKGROUND AND PROCEDURAL HISTORY

On February 20, 2014, the Government filed a multi-count indictment that charged Defendant and various co-Defendants with a number of criminal acts. (Doc. # 1). Specifically, Defendant was charged in Count 1 with knowingly bringing or attempting to bring more than 100 alien person into the United States at a place other than as designated by the Secretary of Homeland Security, in violation of 8 U.S.C. § 1324(a)(1)(A)(i), 8 U.S.C. § 1324(a)(1)(A)(v)(I), and 8 U.S.C. § 1324(a)(1)(B)(i). On May 15, 2014, the Government filed a superseding indictment, which, in addition to Count 1 from the original Indictment, further charged Defendant in Count 3 with knowingly, and in reckless disregard that certain aliens had not received prior official authorization, bringing or attempting to bring 13 alien persons to the United States for commercial advantage and private financial gain. (Doc. # 119). On May 28, 2014, the Court, sua sponte, filed

its Pretrial Discovery Order, outlining discovery obligations, which required completion of all matters contemplated in Rule 16 discovery by Monday, June 9, 2014. (Doc. # 153). The Pretrial Discovery Order also placed a continuing duty on both sides to "promptly disclose to the opposing side all newly-discovered material which is within the scope of the disclosure portions of" the Pretrial Discovery Order. (Doc. # 153).

On Thursday, June 12, 2014—three days after the Rule 16 discovery deadline—the Government disclosed an additional disc containing the following:

1) subpoena returns for a telephone number associated with the Defendant;
2) subpoena returns for a different telephone number;
3) D.A.V.I.D. Records Fl. 7337 NH/ Yareny Temprana;
4) Subscriber information telephone numbers 941-286-1334 and 941-815-4979;
5) Forensics on a Garmin GPS;
6) Eight photographs of the Defendant with the former mayor of Hialeah at the opening of a liquor store located in Hialeah; and
7) 53 jails calls involving the Defendant in Spanish without translation or transcription.

(Doc. # 256).  On June 16, 2014, Defendant moved to suppress electronic cell site location data, toll activity, and other "unconstitutionally obtained" evidence based on United States v. Davis—a recent case from the United States Court of Appeals for the Eleventh Circuit that held citizens have a privacy right to location information gathered from cellular towers, and the Stored Communications Act ("SCA") unconstitutionally permitted government entities to obtain evidence in contravention of the Fourth Amendment.  754 F.3d 1205 (11th Cir. 2014), vacated and rehearing en banc granted September 4, 2014, 2014 WL 4358411.  The Government responded in opposition, and argued the Davis court further analyzed the action under United States v. Leon, which precludes application of the exclusionary rule in an absence of showing bad faith.  468

U.S. 897 (1984). After hearing argument, the Court orally denied the motion, finding that in accord with Davis and Leon, there was no bad faith alleged on the part of the Government's compliance with 18 U.S.C. § 2703(c) of the SCA.

As late as June 19, 2014, the Government disclosed further matters contemplated under the Pretrial Discovery Order, including:

> 1) Telephone records for a phone associated with Government witness and co-Defendant Edel Mesa-Hernandez that reflected 309 contacts with a telephone associated with Defendant during dates contained in Count 3;
> 2) Iridium toll records without subscriber information not previously associated with Defendant; and
> 3) Search warrant applications for the search of co-Defendant Carlos Velazquez' home, application and orders for historical cell cite locations, and in-camera orders corresponding to relevant telephones.

(Doc. # 256). At the time of the latter disclosure on June 19, 2014, counsel for Defendant received the disclosure via his Blackberry mobile device as he was traveling to Key West to appear before the United States District Court for the Southern District of Florida in an unrelated, all-day hearing that concluded Friday, June 20, 2014, at 7:00 PM. (Doc. # 256). After the hearing and on the next day Saturday, June 21, 2014, counsel for the Defendant reviewed the latter disclosures via his laptop computer. (Doc. # 256). After reviewing the latter disclosures, counsel for Defendant traveled to Tampa, Florida, on Sunday, June 22, 2014, to discuss the latest disclosures with the Defendant. (Doc. # 256). At the meeting, Defendant authorized the filing of a motion to exclude the evidence or request a continuance due to the change in design of trial strategy and inability to resolve the "issues pertinent to the development of a sound trial strategy to account for the" latter disclosures. (Doc. # 256).

On June 23, 2014, counsel for Defendant argued his Motion in Limine to Exclude Evidence Provided in Violation of Rule 16 and Court's Order. (Doc. # 202). In his Motion and at the hearing, counsel for Defendant argued that despite his "diligent review and examination of the voluminous discovery exhibits...the late and untimely disclosure of [the] telephonic contacts between [the] new number and the number associated with Defendant Baez completely changes the landscape of the defense case." (Doc. # 202). Counsel further argued this late disclosure "impacted his ability to adequately prepare his defense, thus violating his substantial rights." (Doc. # 202). Counsel concluded the late disclosure "substantially prejudiced his defense by attacking the very foundation of the defense strategy and [] impacted his ability to adequately prepare to meet the evidence," but did not specify how the late disclosure particularly impacted either his defensive strategy or theory of the case. (Doc. # 202). The Government presented testimony from Special Agent Jennifer Silliman to discuss with and explain to the Court the reasons for the delayed discovery disclosures, including the continuing nature of the investigation, interviews with co-Defendants that disclosed additional information, and pending requests to various telecommunications companies.

After hearing argument, the Court orally denied the motion, (Doc. # 210), as well as a motion to continue trial. (Doc. # 211). Instead, the Court concluded proceedings for the day before opening statements or presentation of evidence to the jury, afforded counsel for Defendant the opportunity to speak with Defendant at all breaks and after recessing for the day at 4:45 PM on Monday, June 23, 2014, as well as any time counsel for Defendant saw fit leading up to opening statements on Tuesday, June 24, 2014.

On Tuesday, June 24, 2014, the Court further inquired of counsel for Defendant with regard to his schedule and opportunities to meet with Defendant to discuss the latter disclosed evidence and any potential change in trial strategy as of June 19, 2014, and requested that counsel for Defendant file in the record a memorandum outlining this information. As of the date of this Order, counsel for Defendant has not filed any such memorandum.

During trial, spanning from June 24, 2014, through July 2, 2014, with breaks for weekends and other court-related business, the jury heard testimony from a number of co-defendants and witnesses with respect to both Count 1 and Count 3. On June 29, 2014, counsel for Defendant filed his Motion in Limine to Exclude Introduction of Evidence Contained in I-213 Forms. (Doc. # 227). Seeking to preclude the introduction of I-213 forms, counsel for Defendant argued the information on the forms was hearsay and inherently unreliable, and violated the Defendant's constitutional rights. (Docs. ## 227, 256). Counsel further argued the forms lacked proper chain of custody authentication. (Docs. ## 227, 256). Counsel finally argued the forms were testimonial in nature because law enforcement generated the information in connection with a criminal investigation. The Court denied Defendant's motion and permitted the introduction of the I-213 forms based on United States v. Rivera-Soto, 451 Fed.Appx. 806 (11th Cir. 2011), wherein the United States Court of Appeals for the Eleventh Circuit found I-213 forms were "routinely and mechanically kept," non-testimonial, and admissible under either Federal Rule of Evidence 803(6) or 803(8).

On July 2, 2014, Defendant was found guilty as charged in both Counts 1 and 3, (Doc. # 241). Due to his schedule, the Court granted counsel for Defendant thirty (30)

days to file post-trial motions, including the subject motions. Defendant now moves this Court for a new trial based on prejudice resulting from the Government's late discovery disclosures and violations of Rule 16; the Court's failure to hold an evidentiary hearing with respect to the Defendant's motion to suppress electronic cell site location data, toll activity, and other "unconstitutionally obtained" evidence; and the Court's denial of Defendant's motion in limine to exclude I-213 forms. (Doc. # 256). Defendant further moves this Court for a Rule 29(c) acquittal based on a lack of evidence to sustain convictions on both Counts 1 and 3. (Doc. # 256). The Government opposes both requests, and asserts the Defendant is not entitled to a new trial, and the record evidence is sufficient to sustain the conviction. (Doc. # 273).

## DISCUSSION

### 1. Rule 33 Motion for New Trial

Upon a Rule 33 motion, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." Federal Rule of Criminal Procedure 33(a). The grant of a new trial is sparingly used, and only "where there would be a miscarriage of justice" and the "evidence preponderates heavily against the verdict." United States v. Indelicato, 611 F.2d 376 (1st Cir. 1979).

#### A. Rule 16 Violations

The Defendant first moves for a new trial on the basis that Rule 16 violations substantially prejudiced Defendant and precluded counsel from effectively trying and defending the case. The Government argues Rule 16 violations necessitate a new trial only when the disclosure results in undue surprise, substantially alters the very foundation of his defense, and a defendant is not afforded the opportunity to prepare a defense.

United States v. Camargo-Vergara, 57 F.3d 993, 998 (11th Cir. 1995); United States v. Noe, 821 F.2d 604, 607 (11th Cir. 1987).

Counsel for Defendant has not provided the requisite showing that the late discovery disclosures substantially altered his defensive strategy. The Court accommodated opportunities for counsel for Defendant to meet with his client and discuss the disclosed discovery in private. Further, the Court inquired as to how the disclosures either substantially or materially altered the defense for this case, and the counsel for Defendant was unable to provide details beyond the conclusory statements in his motions previously filed with the Court. See Camargo-Vergara, 57 F.3d at 998; see also United States. v. Zamor, 233 Fed.Appx. 976, 980 (11th Cir. 2007). As counsel for Defendant has failed to meet his burden, the Court cannot find a miscarriage of justice occurred, and Defendant is not entitled to a new trial.

### B. Denial of Evidentiary Hearing on Defendant's Motion to Suppress

Defendant next moves for a new trial because the Court did not conduct an evidentiary hearing with respect to the suppression of cellular site location data, toll activity, and other "unconstitutionally obtained" evidence. Defendant asserts the Court was required to hold an evidentiary hearing to determine whether the Government acted in bad faith in obtaining the evidence. The Government opposes this contention, and insists an evidentiary hearing was not necessary under the law.

Counsel for Defendant relied on United States v. Davis, which the United States Court of Appeals for the Eleventh Circuit recently vacated September 4, 2014. 2014 WL 4358411. Even assuming, arguendo, the privacy rights enumerated in Davis still remain, the Defendant failed to meet his burden to require an evidentiary hearing. Evidentiary

hearings are not regularly granted, and "are held only when the defendant alleges sufficient facts which, if proven, would justify relief." United States v. Smith, 546 F.2d 1275 (5th Cir. 1977). The factual allegations must be "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." United States v. Poe, 462 F.2d 195, 197 (5th Cir. 1972) (quoting Cohen v. United States, 378 F.2d 751, 761 (9th Cir. 1967) cert. denied, 389 U.S. 897 (1967)) (emphasis added). In the Defendant's original motion to suppress, (Doc. # 183), and supplemental memorandum, (Doc. # 214), while the Defendant described some factual discrepancies in the SCA application to Magistrate Judge Thomas Wilson, the Defendant failed to present any allegation beyond conjecture as to the sincerity or good-faith belief the Government held at the time of the SCA application. The Defendant contended an inference of bad faith due to a witness' late identification of Defendant in one trip, and misidentification of Defendant in another trip. The Defendant did not, however, make a showing of when the Government determined, or should have determined, this information was false. See Dahl v. Holley, 312 F.3d 1228, 1235 (11th Cir. 2002). Absent that sufficiently pled information, the Court was not required to hold an evidentiary hearing, and ruled on the admissibility of the evidence based on Defendant's motion to suppress, response in opposition, and supplemental memorandum.

    The Court previously ruled the Government's actions in obtaining the evidence did not rise to the level of bad faith so as to require suppression of the evidence, and United States v. Leon allowed the evidence to survive suppression of evidence obtained through the SCA, as the Davis court similarly found. Because the evidence was not subject to suppression, there was no miscarriage of justice so as to require a new trial.

### C. Admission of I-213 Forms

Defendant finally requests a new trial based on the admission of I-213 immigration forms during trial. Defendant argues the I-213 forms were inadmissible based on hearsay, the testimonial nature of the forms, and the Government's failure to prove the unbroken chain of custody of the forms. (Doc. # 256). The Government opposes these arguments, and contends the forms were admissible.

The Court previously addressed the Defendant's arguments when the Court ruled the I-213 immigration forms were admissible. In United States v. Rivera-Soto, the United States Court of Appeals for the Eleventh Circuit analyzed whether immigration records were admissible under public records exceptions and violated the Confrontation Clause. Rivera-Soto, 451 Fed.Appx. at 807. While the Defendant argues the immigration documents were prepared for a criminal trial, the Court took testimony—and determined the witness was credible—that the I-213 forms were recorded routinely for the purpose of tracking individuals that illegally enter the United States, and there was no testimony from any witness indicating the I-213 forms submitted at trial were prepared in anticipation of a criminal trial. Absent this information, the United States Court of Appeals for the Eleventh Circuit plainly holds immigration documents are not testimonial in nature, do not violate the Confrontation Clause, and are admissible at trial under either Federal Rule of Evidence 803(6) or 803(8). Id. at 807–808. The admission of this evidence did not cause a miscarriage of justice, and thus Defendant is not entitled to a new trial.

Analyzing the Defendant's arguments in the totality of the circumstances, the Court does not find a miscarriage of justice, nor does the evidence preponderate heavily against the verdict. Therefore, Defendant's Rule 33 motion for new trial is **DENIED**.

### 2. Rule 29 Motion for Acquittal

When considering a Rule 29 motion for acquittal, the Court must "view the evidence in the light most favorable to the government." United States v. Sellers, 871 F.2d 1019, 1020 (11th Cir. 1989) (citing Glasser v. United States, 315 U.S. 60 (1942)). The Court is required to "resolve any conflicts in the evidence in favor of the Government" and "accept all reasonable inferences that tend to support the government's case." U.S. v. Ward, 197 F.3d 1076 (11th Cir. 1999) (citing United States v. Taylor, 972 F.2d 1247, 1250 (11th Cir. 1992); United States v. Burns, 597 F.2d 939, 941 (5th Cir. 1979)). The Court must determine "whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." Id. "It is not necessary for the evidence to exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." Sellers, 871 F.2d at 1021 (quoting United States v. Bell, 678 F.2d 547, 549 (5th Cir. Unit B 1982)).

### A. Sufficiency of the Evidence for Count 1

Defendant first argues the evidence was insufficient to sustain a conviction for Count 1 of the superseding indictment. Specifically, Defendant argues the evidence demonstrated three separate conspiracies rather than a single conspiracy; that the jury's determination that Defendant was responsible for less than 100 aliens; and the evidence in the I-213 forms was insufficient to prove the aliens were from the charged conspiracy or entered a place other than as designated by the Secretary of Homeland Security. (Doc. # 256). The Government contends the evidence was adequate to sustain the conviction, and that it proved at trial Defendant's guilt of facilitating the single conspiracy.

"To determine whether a jury could reasonably have found [the] evidence established a single conspiracy beyond a reasonable doubt, [a court] must consider: (1) whether a common goal existed; (2) the nature of the underlying scheme; and (3) the overlap of participants." United States v. Huff, 609 F.3d 1240, 1243 (11th Cir. 2010) (quoting United States v. Richardson, 532 F.3d 1279, 1284 (11th Cir. 2008)). The analysis further requires the Government to prove interdependence amongst co-conspirators. United States v. Seher, 562 F.3d 1344, 1366 (11th Cir. 2009). The Seher court explained:

> The existence of separate transactions does not have to imply separate conspiracies if the co-conspirators acted in concert to further a common goal. Courts typically define the common goal element as broadly as possible, with "common" being defined as "similar" or "substantially the same." If a defendant's actions facilitated the endeavors of other co-conspirators, or facilitated the venture as a whole, then a single conspiracy is shown. Each co-conspirator does not have to be involved in every part of the conspiracy.

Id. The Huff court contrasted and compared "hub-and-spoke" conspiracies with "rimless wheel" and other forms of conspiracies:

> A "hub-and-spoke" conspiracy occurs where "a central core of conspirators recruits separate groups of co-conspirators to carry out the various functions of the illegal enterprise." "The core conspirators move from spoke to spoke, directing the functions of the conspiracy." Where only one conspirator moves from spoke to spoke, however, the conspiracy is analogous to a "rimless wheel," with nothing connecting the separate spokes into a single conspiracy. "Thus, where the 'spokes' of a conspiracy have no knowledge of or connection with any other, dealing independently with the hub conspirator, there is not a single conspiracy, but rather as many conspiracies as there are spokes." Where "the various spokes are aware of each other and of their common aim," however, there is a single conspiracy.

Huff, 609 F.3d at 1243–1244 (internal citations omitted).

The Court finds the Government presented sufficient evidence at trial to permit a reasonable juror to conclude the Defendant was involved in a single conspiracy with multiple co-conspiractors.  Here, Defendant's argument is akin to the "rimless wheel" conspiracy, where rather than one overreaching conspiracy with common goals, three independent "spokes" existed without any interdependence.  The evidence, however, sufficiently established the former "hub and spoke" conspiracies, where the Defendant's participation in and facilitation of the smuggling established a single conspiracy.  Defendant and his co-conspirators engaged in a common goal of smuggling aliens from Cuba for pecuniary gain, and Defendant directly benefited from the proceeds derived from the smuggling operations over a vast period of time.  The trips (or scheme) were substantially similar in nature—the conspirators would leave Port Charlotte, telephone a co-conspirator in Cuba with approximations of arrival, retrieve a number of aliens from a beach located close to Pinar del Rio, Cuba, and return to Port Charlotte.  While Defendant may not have been present on each trip, his boat was often used on the trips, satisfying the facilitation and interdependence requirements.  Unlike in <u>United States v. Chandler</u>, 388 F.3d 796 (11th Cir. 2004) and <u>Kotteakos v. United States</u>, 328 U.S. 750 (1946), Defendant was aware of the other co-conspirators and the overall nature of the scheme.  Accordingly, the evidence submitted at trial—through both forensic evidence and co-conspirator testimony—was sufficient to establish a single conspiracy.

With respect to the jury's determination that Defendant participated in a conspiracy to transport less than the charged amount of 100 or more aliens, a jury's determination to convict a Defendant of a lesser-included offense does not negate the verdict in a conspiracy case; the jury was instructed on and determined the Defendant participated in

the single conspiracy after February 20, 2009. Finally, regarding the I-213 forms and the connections to the conspiracy, the Government presented sufficient evidence—albeit circumstantial evidence—that a reasonable trier of fact could conclude the Defendant was guilty of the crime. The biographical information on the I-213 forms overwhelmingly related to individuals from Pinar del Rio, Cuba; the dates were closely related if not identical to the dates of the trips alleged in the single conspiracy; and the Government presented evidence that the aliens on the I-213 forms were deported because they admitted to staged landings in violation of federal law. Accordingly, the evidence presented at trial was sufficient, and the Defendant's Rule 29 motion for new trial for Count 1 is **DENIED**.

### B. Sufficiency of the Evidence for Count 3

Defendant argues the only evidence presented to prove Count 3 was the testimony of co-defendants and co-conspirators Carlos Velazquez Roman and Edel Mesa Hernandez, and that the testimony was replete with inconsistencies. (Doc. # 256). The Government strongly disagrees with this characterization, and offers the following additional proof submitted at trial: 1) satellite phone geographic location information that purportedly showed a trip to and from Cuba during the charged dates; 2) I-213 forms that related to the dates of the transportation event; 3) I-213 form for the Defendant's aunt, identified by co-defendant testimony at trial; 4) phone calls allegedly proving Defendant's absence during the period of time charged in Count 3; and 5) the use of a satellite phone during the period of time charged in Count 3. (Doc. # 273).

The Government's recount of the supplementary evidence—all submitted for the jury to deliberate on both Counts 1 and 3, in addition to the general testimony that all

smuggled aliens paid monies for the trips—was sufficient for a trier of fact to find the Defendant guilty of Count 3. Accordingly, it is

**ORDERED** that Defendant's Rule 33 Motion for New Trial and Rule 29 Motion for Acquittal are **DENIED**.

**DONE** and **ORDERED**, in Chambers, in Tampa, Florida, this 19th day of September, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE