UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs

YOEL EMILIO BAEZ-HERNANDEZ

Case Number. 8:14-cr-64-T-17TGW
USM Number: 02203-104

Arturo V. Hernandez, Retained

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count One of the Superseding Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 8 U.S.C. §§ 1324(a)(1)(A)(I), 1324(a)(1)(A)(v)(I), and (a)(1)(B)(i) | Conspiracy to Bring 73 Illegal Aliens to the United States | October 17, 2013 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count Three of the Superseding Indictment and Count One of the original Indictment are dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

September 9, 2016

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

September 9, 2016

**Yoel Emilio Baez-Hernandez**
**8:14-cr-64-T-17TGW**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of TIME SERVED as to Count One of the Superseding Indictment with credit for time served as calculated by the United States Bureau of Prison.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                                              UNITED STATES MARSHAL

                                   By: _____
                                                     Deputy U.S. Marshal

AO 245B (Rev. 4/09) Judgment in a Criminal Case

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS as to Count One of the Superseding Indictment.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are waived. However, the Court authorizes the Probation Office to conduct random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

AO 245B (Rev. 4/09) Judgment in a Criminal Case

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. Should the defendant be deported, he shall not be allowed to re-enter the United States without the express permission of the appropriate governmental authority.

2. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 (may have already been paid) | Waived | N/A |

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

## FORFEITURE

The defendant shall forfeit the defendant's interest in the following property to the United States. See Amended Final Judgment of Forfeiture attached.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:14-cr-64-T-17TGW

YOEL EMILIO BAEZ-HERNANDEZ

### FORFEITURE MONEY JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE FOR DIRECT AND SUBSTITUTE ASSETS

THIS CAUSE comes before the Court upon the United States' Motion (Doc.   ) for:

(1) A Preliminary Order of Forfeiture for J & E Adventure, Inc. d/b/a LeJune Liquors, including but not limited to the company's equipment, inventory, and liquor license (Number BEV2300101);

(2) A Forfeiture Money Judgment in the amount of $730,000.00;

(3) A Preliminary Order of Forfeiture for the following substitute assets in partial satisfaction of the defendant's $730,000.00 forfeiture money judgment:

   a. A 2001 Pleasure Outboard Fiberglass Vessel, Hull Number: CBA040WW101, Registration Number: FL1869PM, registered to LeJune Liquors;

   b. A homemade private trailer, Vehicle Identification Number: NOVIN0200993751, Florida Tag No. 113YDQ, registered to LeJune Liquors; and

   c. A 2006 BMW, white, Vehicle Identification Number: WBANE53536CK90380, Florida Tag No. 420XDJ, registered to LeJune Liquors.

Being fully advised of the relevant facts, the Court finds that the J & E Adventure, Inc. d/b/a LeJune Liquors, is property directly traceable to proceeds of the conspiracy to which the defendant pled guilty.

The Court finds that that the conspiracy to which the defendant pled guilty generated proceeds of $730,000.00.

The Court further finds that the United States is entitled to forfeit the substitute assets identified above, in partial satisfaction of the defendant's Forfeiture Money Judgment.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that, pursuant to 8 U.S.C. § 1324(b), 18 U.S.C. § 982(a)(6), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, J & E Adventure, Inc. d/b/a LeJune Liquors, is forfeited to the United States for disposition according to law.

It is FURTHER ORDERED that, pursuant to 8 U.S.C. § 1324(b), 18 U.S.C. § 982(a)(6), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), the defendant is liable for a forfeiture money judgment in the amount of $730,000.00. The defendant is jointly and severally liable for the money judgment with co-defendants Jasmine Santos-Martinez, Carlos Velazquez-Roman, Edel Mesa-Hernandez, and with co-defendant Mario Emilio Tamayo-Mejias for up to $50,000.00.

It is FURTHER ORDERED that, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), and Rule 32.2(e)(1)(B), the substitute assets, identified above, are forfeited to the United States for disposition according

CASE NO. 8:14-CR-64-T-17TGW

to law, in partial satisfaction of the defendant's $730,000.00 forfeiture money judgment. The net proceeds from the substitute assets will go toward satisfaction of the defendant's Forfeiture Money Judgment.

It is FURTHER ORDERED that this order shall become a final order of forfeiture as to the defendant at sentencing.

The Court retains jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any other substitute assets forfeited to the United States up to the amount of the forfeiture money judgment.

DONE and ORDERED in Tampa, Florida, this ___9th___ day of September, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
James A. Muench, AUSA
Counsel of Record

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

3